IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| VADA A. ROGERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:10-cv-0074 |
| ) | |
| MICHAEL J. ASTRUE, ) | Judge Thomas A. Wiseman, Jr. |
| COMMISSIONER OF SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the Court is Plaintiff Vada A. Roger's Motion for Judgment on the Administrative Record (Doc. No. 15), seeking judicial review of the Commissioner's denial of her claim for Social Security Disability Insurance Benefits ("DIB") payments under Title II of the Social Security Act (the "Act"), on the grounds that the ALJ's erred in rejecting the opinions of Plaintiff's treating physicians without adequately explaining his rationale for doing so, in evaluating Plaintiff's subjective complaints of pain, and in his consideration of the Vocational Expert's testimony. She seeks reversal or, in the alternative, remand pursuant to sentence four of 42 U.S.C. § 405(g). In response to the motion, the Defendant Commissioner of Social Security asserts that the agency's decision denying benefits is supported by substantial evidence in the record and should be upheld.

The prior referral of this case to the Magistrate Judge is hereby **WITHDRAWN**. For the reasons explained in the accompanying Memorandum Opinion, the Court finds that the ALJ's decision regarding the Plaintiff's residual functional capacity from approximately November 12, 2007 forward is supported by substantial evidence in the record, and the ALJ's consideration of the opinions of Plaintiff's physicians and Plaintiff's credibility as of that date forward comported with applicable law. Notwithstanding, the ALJ's determination of Plaintiff's residual functional capacity is **not** supported by the record to the extent the ALJ intended for it to apply to Plaintiff's abilities during the fifteen-month period dating from her injury in August 2006 through November 2007. In addition, the ALJ failed to address the fact that the VE's testimony was apparently inconsistent with the DOT, so remand for additional vocational testimony is required.

Plaintiff's Motion for Judgment on the Administrative Record (Doc. No. 15) is therefore **GRANTED**, the Commissioner's decision **REVERSED**, and this matter **REMANDED** under the fourth sentence of 42 U.S.C. § 405(g) for further proceedings to remedy the errors identified above and discussed more fully in the accompanying Memorandum Opinion.

It is so **ORDERED**.

Thomas A. Wiseman, Jr.
Senior U.S. District Judge